1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

| | |
|---|---|
| RICHARD D. KING, LESLIE D. HARVEY, and RAMON GONZALES, | Case No. C-06-2602-SBA |
| Plaintiffs/Petitioners, | ORDER DISMISSING PETITION TO QUASH AND ENFORCING SUMMONS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This is an action filed by plaintiffs which seeks to quash an Internal Revenue Service (IRS) summons served on Business Inc.  The IRS is examining Business Inc to determine whether it is preparing false income tax returns for it's clients.  Steven Murdock is the President and CEO of Business Inc who the IRS believes is assisting in the preparation of false tax returns.  The IRS served a Summons on Business Inc. requesting it to produce records of clients whose returns were prepared by Business Inc.

   The United States has a system of taxation that relies on self-assessment and the good faith integrity of each taxpayer to disclose completely and honestly all information relevant to its tax liability.  Nonetheless, "it would be naive to ignore the reality that some persons attempt to outwit the system." **United States v. Bisceglia**, 420 U.S. 141, 145 (1975).  Pursuant to Sections 7801 and 7802 of the Internal Revenue Code of 1986 (26 U.S.C.), the Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering

and enforcing the Internal Revenue Code.  To this end, Code Section 7601 directs the Secretary to make inquiries into the tax liability of every person who may be liable to pay any internal revenue tax.  In turn, Code Section 7602 authorizes the Secretary to examine records, to issue summonses, and to take testimony for purposes of:  (1)  ascertaining the correctness of any return, (2)  making a return where none has been made, (3)  determining the liability of any person for any internal revenue tax, or (4)  inquiring into any offense connected with the administration or enforcement of the internal revenue laws.  **Donaldson v. United States**, 400 U.S. 517, 523-524 (1971).  An IRS summons is properly issued and enforced even if the IRS is conducting a criminal investigation.  There is no civil/criminal distinction.  **United States v. Abrahams**, 905 F.2d 1276, 1281, n. 4 (9th Cir. 1990)

In order to obtain enforcement of its summons, the IRS must establish the good faith requirements set forth in **United States v. Powell**, 379 U.S. 48 (1964), defined as follows: (1) that the investigation will be conducted pursuant to a legitimate purpose;  (2) that the inquiry may be relevant t the purpose; (3) that the information sought is not already within the Commissioner's possession; and (4) that the administrative steps required by the Code have been followed--in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect."*Id*., at 57-58.  Once the IRS has made such a showing, it is entitled to an enforcement order unless there is a showing that the IRS is attempting to abuse the court's process. Such an abuse would take place "if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.,* at 58.

The Government's burden is met by a declaration from the investigating agent that the *Powell* requirements have been met.  **United States v. Garden State Nat'l Bank**, 607 F.2d 61, 68 (3d Cir. 1979); **Alphin v. United States**, 809 F.2d 236, 238 (4th Cir. 1987); **United States v. Davis**, 636 F.2d at 1034; **United States v. Will**, 671 F.2d 963, 966 (6th Cir. 1982); **United States v. Kis**, 658 F.2d 526, 536 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018 (1982).  The burden is minimal because the statute is read broadly to ensure that the enforcement powers of the  IRS are

1  not unduly restricted.  **Liberty Financial Services v. United States**, 778 F.2d 1390, 1392 (9th

2  F.2d. 1993); **United States v. Balanced Financial Management**, 769 F2d 1440, 1443 (10th Cir.

3  1985);  **see also**, **United States v. Abrahams**, 905 F.2d 1276, 1280 (9th Cir. 1990).

4        The declaration of Special Agent Douglass Doss satisfies the Government's prima facie

5  burden that the Powell requirements have been met. First, it demonstrates that the IRS is using

6  its summons power for a bona fide purpose, to investigate whether Steve Murdock is preparing

7  false tax returns for clients of his company Business Inc. Next, it establishes that the information

8  sought is relevant because it relates to that investigation.  Third, it establishes that the

9  information is not already in the Government's possession. Finally, it shows that the IRS has

10 followed all administrative procedures.

11       The relevance standard of §7602 is not to be judged by relevance standards used in

12 deciding whether to admit evidence in federal court.  **United States v. Arthur Young**, 465 U.S.

13 805, 814 (1984).  Rather, it is analogous to a grand jury subpoena.  **United States v. Ryan**, 455

14 F.2d 728, 733 (9th Cir. 1972).  The test of materiality and relevancy is essentially the same as

15 grand jury investigations, i.e., whether the inspection sought would throw light upon the

16 correctness of the taxpayer's returns.  The IRS can obtain items of even *potential* relevance to an

17 ongoing investigation, without reference to its admissibility since the Service can hardly be

18 expected to know whether such data will in fact be relevant until it is procured and scrutinized.

19 **United States v. Arthur Young**, 465 U.S. 805, 814 (1984)

20       For the foregoing reasons, the Petition to Quash Summons is dismissed and the Summons

21 served on Business Inc. is enforced.  Business Inc. by and through its representative shall appear

22 on August 1, 2006 at 9:30 a.m. before IRS Special Agent Douglas Doss or any other IRS agent

23 designated by the IRS at 185 Lennon Lane, #200, Walnut Creek, California 94598 and produce

24 the records described in the Summons attached as Exhibit A to the Petition To Quash.

25

26 Dated: 7/18/06                    *Saundra B Armstrong*
                                        UNITED STATE DISTRICT JUDGE

27

28